Mr. Justice Sutton
delivered the opinion of the Court.
This is a class action challenging a special bond election held by the Northglenn Metropolitan Recreation District.
*36 The parties will be referred to as they appeared in the trial court, plaintiffs in error as plaintiffs and defendants in error as defendants.
The pertinent chronology of events is as follows:
On June 8, 1964, the Board of Directors of the Recreation District adopted a resolution that a special election of the qualified taxpaying electors of the District would be held on July 14, 1964, upon the question as to whether the District should issue its negotiable coupon bonds in a principal amount not exceeding $750,000. Pursuant to this resolution, notice of the election was published four times in the Brighton Blade, a “legal newspaper” located outside of the District and published in the City of Brighton, the County Seat of Adams County. Both the resolution and the notice indicated that there would be only one polling place.
On July 10, 1964, Mary Rector, on behalf of herself and all others similarly situated, filed her verified complaint seeking to enjoin the election and to have judgment declaring the election procedure illegal and void. Her grounds were that the one polling place provided was not in accordance with the statutory requirements and that the Brighton Blade was not a newspaper of “general circulation” under the special statute involved here. She was unsuccessful in the trial court in hearings conducted before the election on the injunction and after the election on the merits of her complaint and seeks relief by writ of error.
It appears that at the time of the election in question there were at least 3500 qualified voters in the District and that the bond issue carried by a majority of about 3 to 1 with some 1100 persons voting.
Since, in our view, in spite of the number of persons who actually voted, the statutes relating to polling places were not correctly followed, and, the judgment must be reversed on that ground, we will not comment as to whether a “legal newspaper” as defined by C.R.S. *37 1963, 109-1-1 et seq. is also one of “general circulation” required by C.R.S. 1963, 89-12-2(6).
As stated earlier, one polling place was provided by authority of the District under and by virtue of a statute that states:
“The election boards (of this type of district) shall conduct the election in the manner prescribed by law for the holding of general elections, * * (Part in parenthesis supplied.) C.R.S. 1963, 89-12-27.
And, our general election laws provide in this regard:
“Section 101. — Establishing precincts and polling places.— (1) The boards of county commissioners of the several counties shall divide their respective counties into as many election precincts for all general, primary, and special elections as they may deem expedient for the convenience of electors of the county, and shall designate the place in each precinct at which elections are to be held. * * *
“(a) In counties which use paper ballots, the commissioners shall establish at least one precinct for every five hundred registered electors.
“ (b) In counties which use voting machines, the commissioners shall establish at least one precinct for every one thousand registered electors.” Colo. Sess. Laws 1963, Ch. 118, Art. 8, Sec. 101.
Admittedly, the latter statute was not followed in the election in dispute. Nowhere in the Metropolitan Recreation District Statute do we find that the district board had any discretion as to the number of polling places. The statute is mandatory in this regard and failure to follow it voided the election.
Reversed.
Mr. Justice Frantz specially concurs.
Mr. Justice McWilliams dissents.